Angel Corbert, Petitioner, *v.* District Court of Arecibo, Respondent.

No. 291. Argued January 29, 1934.—Decided February 24, 1934.

*Luis Mercader* for petitioner. The respondent judge appeared in person.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Section 448 of the Code of Criminal Procedure (Comp. Stat. 1911, sec. 6494) provides that:

"The court, unless good cause to the contrary is shown, shall or-der the prosecution to be dismissed in the following cases:

"1. Where a person has been held to answer for a public offense, if an information is not filed against him within sixty days there-after."

In the instant case an information for involuntary man-slaughter was presented more than six months after defend-ant's arrest and the district judge overruled a motion to dis-miss the action. The motion was argued at the time of de-fendant's arraignment, but no evidence was introduced. The burden was on the district attorney to justify his failure to file an information within the statutory period. The motion should have been granted unless the admitted facts or those of which the court could take judicial notice amounted to good cause for delay. The record of the hearing does not show that in the oral argument any facts were expressly ad-mitted or stated without objection. At the close of the argu-ment each of the parties was given five days within which to present a memorandum. Defendant filed his memorandum on the fifth day. The district attorney filed his a week later.

From defendant's memorandum it appears that the dis-trict attorney, in his oral statement, relied upon the fact that when he assumed the duties of his office he found a previous investigation unfinished and was obliged to complete it. This apparently was the only showing made by the district attor-

ney at the time. It was, of course, inadequate. He points out, in his belated memorandum, that he completed the investigation and filed his information within sixty days after assuming the duties of his office. This may or may not have been a sufficient explanation of the delay that occurred after he took charge of the office. Obviously it does not explain the inaction of his predecessor in office. The question was why an information had not been filed within the statutory period, not who was responsible for the delay. Defendant was arrested on or before March 25, 1933. The district attorney, in his reply memorandum pointed out: that at the date of defendant's alleged offense, involuntary manslaughter was a felony; that an Act approved May 4, 1933, which went into effect August 3, made involuntary manslaughter a misdemeanor; and that the information was presented on October 2, within sixty days after it became possible to charge the commission of the offense as a misdemeanor. Conceding without holding, that the effect of this law was to convert into misdemeanors, felonies committed prior to its enactment and that the district judge could properly consider this afterthought in the absence of anything to show that the former district attorney had been influenced thereby, we cannot agree that the enactment of such a law within sixty days after the arrest of defendant was a sufficient excuse for a delay of some five months including the sixty days which elapsed after the law went into effect. Certainly it was no justification for the failure to file an information within the sixty days immediately following the arrest of defendant.

The district attorney in his memorandum also said that during May, June, and July the former district attorney had been engaged under instructions from the Attorney General's office, in the investigation of slot machines and that during July, August, and September the court was in vacation. Again conceding, for the sake of argument only, that the court could take judicial knowledge of these facts set forth in a memorandum filed ten or twelve days after the

hearing and a week after expiration of the period allowed for the filing of such memorandum, this showing had been anticipated and was rendered nugatory by other facts set forth in defendant's memorandum, namely: that on seven occasions during the month of April, informations were presented in open court; that in May there were seven days available for this purpose, seven days in June and six in July; that when the court adjourned July 31, 125 days had elapsed since the date of defendant's arrest; that a special session was called for September 1st, and on that day the new district attorney presented twenty-nine informations; and that the former district attorney on July 12, 1933, at the instance of the Attorney General and as the result of an investigation already made, filed in the Municipal Court of Arecibo a complaint for the same offense against Antonio Rodríguez, who was acquitted and then it was that the prosecution turned its attention to defendant.

From the evidence introduced at the hearing, on a rule to show cause why the district judge had not obeyed an alternative writ of mandamus issued by this court, it appears: that on April 15, 18, 20, 21, 24, 25, and 26, the former district attorney presented in open court and filed nineteen informations, one of which was for involuntary manslaughter; that on May 8, 11, 16, 19, 22, and 26, he presented and filed eighteen informations, one of which was for involuntary manslaughter; that on June 2, 3, 15, 17, 24, 26, and 30 he presented and filed thirty-six informations, three of which were for involuntary manslaughter; that on July 13, 14, 19, 22, 28, and 31 he presented and filed twenty-one informations; and that at the opening of the special term, September 1, the new district attorney presented in open court and filed twenty-nine informations, two of which were for involuntary manslaughter.

The peremptory writ must be granted.